UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STEPHEN CARMICHAEL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL NO. 04-113-B-W |
| ) | CIVIL NO. 07-123-B-W |
| WARDEN, MAINE STATE PRISON, ) | |
| ) | |
| Respondent. ) | |

## ORDER AFFIRMING RECOMMENDED DECISION
## AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

After a period of hibernation, this petition for a writ of habeas corpus has emerged from lengthy state court proceedings and returns to this Court for a ruling on the Magistrate Judge's recommended decision of January 3, 2005. *Recommended Decision on 28 U.S.C. § 2254 Petition* (Docket # 25) (*Recommended Decision*). The Court affirms the Magistrate Judge's recommended decision because it concludes that Mr. Carmichael failed to demonstrate that the state court's post-conviction factual findings were inaccurate or that the state courts misapplied the *Strickland*[1] standard. Regarding Mr. Carmichael's newly-pressed *Blakely*[2] claim, the Court concludes that *Blakely* is not retroactive to cases on collateral review.

## I. STATEMENT OF FACTS

On December 16, 1998, a Somerset County jury returned a verdict of guilty against Stephen Carmichael on one count of sexual assault in violation of 17-A M.R.S.A. § 253(1)(A) (Class A), and on July 21, 1999, the trial court sentenced him to a straight term of imprisonment of thirty-five years. On June 19, 2000, the Maine Supreme Judicial Court affirmed the superior

---

[1] *Strickland v. Washington*, 466 U.S. 668 (1984).
[2] *Blakely v. Washington*, 542 U.S. 296 (2004).

court's judgment of conviction and its affirmance was entered on the docket the same day. On August 3, 1999, Mr. Carmichael applied to allow an appeal of the sentence under 15 M.R.S.A. § 2151 and on November 23, 1999, the Sentence Review Panel of the Maine Supreme Judicial Court denied his application. Mr. Carmichael did not seek a writ of certiorari and the judgment of conviction became final on September 19, 2000, ninety days after the Law Court's decision was entered on the docket.

On September 28, 2000, Mr. Carmichael filed a collateral *pro se* petition for post-conviction review pursuant to 15 M.R.S.A. §§ 2121-2129. After appointment of counsel and an amendment to the original petition, Mr. Carmichael alleged that his trial counsel had been ineffective in eight respects, and on February 28, 2003, a testimonial evidentiary hearing was held before Justice Jabar of the Maine Superior Court. The superior court found that counsel was not ineffective regarding six of the eight grounds and that Mr. Carmichael had failed to meet his burden to demonstrate prejudice as to all eight grounds. *Carmichael v. State*, SOMSC-CR-00-296 (Me. Super. Ct., Som. Cty., July 17, 2003) (Jabar, J.). On July 30, 2003, Mr. Carmichael appealed the superior court's denial of his amended petition and on May 17, 2004, the Maine Supreme Judicial Court denied the request for a certificate of probable cause and entered this denial on the docket on May 19, 2004.

On July 12, 2004, Mr. Carmichael filed a petition for a writ of habeas corpus with this Court under 28 U.S.C. § 2254. While this petition was pending, Mr. Carmichael filed a second state post-conviction review petition, alleging that his sentence violated *Blakely*. On September 12, 2004, Justice Hunter of the Maine Superior Court assigned the petition to the regular criminal docket to determine "whether *Blakely* affords the Petitioner a basis for relief and, if so, whether the Petitioner was denied effective assistance of counsel." *Carmichael v. State*, SOMSC-CR-04-

2

223 (Me. Super. Ct., Som. Cty., Sept. 23, 2004). In May 2005, Justice Mills of the superior court dismissed Mr. Carmichael's second post-conviction petition and Mr. Carmichael filed a petition for probable cause with the Maine Supreme Judicial Court. The Maine Law Court issued an order granting the certificate of probable cause, and, after staying the matter pending the United States Supreme Court's decision reviewing *Burton v. Waddington*, 142 F. App'x 297 (9th Cir. 2005) *vacated sub nom. Burton v. Stewart* __ U.S. __, 127 S. Ct. 793 (2007), the Law Court lifted the stay since *Burton* did not reach the *Blakely* retroactivity issue.

Meanwhile, in this Court, on January 3, 2005, the Magistrate Judge issued a decision recommending that the Court deny Mr. Carmichael's petition, and on February 17, 2005, Mr. Carmichael objected. That same day, Mr. Carmichael moved to stay these proceedings pending exhaustion of the second state post-conviction proceeding. On April 7, 2005, this Court granted the motion to stay "pending resolution of the current state post-conviction petition for a period no longer than 30 days after the state proceeding is finally concluded." *Order* at 7 (Docket # 32). The Order required Mr. Carmichael to file "appropriate documentation within 30 days after the state court exhaustion is complete." *Id.*

On July 12, 2007, in a clearly-worded opinion, the Maine Supreme Judicial Court affirmed the dismissal of the second petition. *Carmichael v. State*, 2007 ME 86, 927 A.2d 1172. Following this decision, Mr. Carmichael has not filed any documentation on this case, but on August 16, 2007, he filed a third petition for a writ of habeas corpus, again claiming ineffective assistance of counsel. *Carmichael v. Warden*, CV-07-123.

**II. DISCUSSION**

    **A. The Recommended Decision**

3

The main point of Mr. Carmichael's petitions remains the same: that his trial lawyer's performance at trial was deficient. This was the gravamen of his second petition for post-conviction review, which Justice Jabar and the Law Court decided against him. As the Magistrate Judge determined, Justice Jabar's factual findings regarding the eight grounds of alleged incompetence are presumed accurate[3] and Mr. Carmichael has not provided clear and convincing evidence that any of the trial court's factual findings were inaccurate. *Recommended Decision* at 12. The Magistrate Judge also addressed whether the Maine Supreme Judicial Court erroneously applied the standard for ineffective assistance of counsel outlined in *Strickland*.[4] *Id.* at 12-13. She concluded that the correct legal standard was applied. *Id.* at 13-14.

The Court has carefully reviewed the Magistrate Judge's Recommended Decision together with the entire record, and has made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. The Court concurs with the recommendations of the Magistrate Judge for the reasons set forth in her Recommended Decision and has determined that no further proceeding is necessary.

### B.  The *Blakely* Issue

This leaves the question of whether the Court should address the *Blakely* issue. The Court issued a stay to allow Mr. Carmichael to keep the *Blakely* issue alive without being foreclosed by the one-year statute of limitations, since by proceeding with the unexhausted claim in state court, Mr. Carmichael ran the risk "of forever losing [his] opportunity for any federal review of [his] unexhausted claims." *Order* at 4 (quoting *Rhines v. Weber*, 544 U.S. 269, 275 (2005)). The Court noted that if the state court determined that Mr. Carmichael's second petition was timely, the period within which a "properly filed" state post-conviction petition was pending

---

[3] 28 U.S.C. § 2254(e).
[4] *Strickland*, 466 U.S. at 688.  *See Mello v. DiPaulo*, 295 F.3d 137, 142 (1st Cir. 2002).

would be tolled.  *Order* at 5, citing 28 U.S.C. § 2244(d)(2).  However, if the state court determined that the second petition was untimely, this may have caused the federal petition to be untimely.  After noting that Mr. Carmichael filed his second petition "two months after the United States Supreme Court decided *Blakely*," *Carmichael*, 2007 ME ¶ 11, the Maine Supreme Judicial Court concluded that Mr. Carmichael's claim was timely and it reached the merits as to whether *Blakely* and its state counterpart, *State v. Schofield*, 2005 ME 82, 895 A.2d 927, were retroactive to cases on collateral appeal.  *Carmichael*, 2007 ME ¶ 42.  In view of *Carmichael*'s conclusion of timeliness, the Court concludes that the statute of limitations does not preclude this Court's consideration of the merits of the *Blakely* issue.

Oddly, however, and likely as a result of a misunderstanding on his part, Mr. Carmichael has not reasserted the *Blakely* issue.  If he wished to preserve his *Blakely* argument, he should have notified the Court within thirty days of the *Carmichael* decision, as the Court's Order on April 7, 2005, contemplated.  Instead, he filed a new petition reiterating the ineffective counsel claims the Magistrate Judge had already addressed.  As it would be passing strange for Mr. Carmichael to waive a claim he had so diligently sought to present, the Court will reach the question of whether *Blakely* is retroactive to cases, like Mr. Carmichael's, on collateral review.

The Court readily concludes that *Blakely* is not retroactive to Mr. Carmichael's case.  *Cirilo-Munoz v. United States*, 404 F.3d 527, 533 (1st Cir. 2005) (addressing *United States v. Booker*, 543 U.S. 220 (2005)); *Guzman v. United States*, 404 F.3d 139, 144 (2d Cir. 2005) (addressing *Booker*); *Lloyd v. United States*, 407 F.3d 608, 615-16 (3d Cir. 2005) (addressing *Booker*); *Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005) (addressing *Booker*); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) (addressing *Booker*); *Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005) ("We also hold that the Supreme Court announced a

new rule in *Blakely v. Washington* that does not apply retroactively to a conviction that was final before that decision was announced."); *United States v. Price*, 400 F.3d 844, 846-49 (10th Cir. 2005); *In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004); *Gerrish v. United States*, 353 F. Supp. 2d 95, 96 (D. Me 2005) (Hornby, J.); *Orchard v. United States*, 332 F. Supp. 2d 275 (D. Me. 2004) (Singal, C.J.); *Carr v. Merrill*, No. 05-54-B-W, 2005 U.S. Dist. LEXIS 15307 (D. Me. July 26, 2005); *see Sepulveda v. United States*, 330 F.3d 55, 63 (1st Cir. 2003) (holding that *Apprendi* did not apply retroactively to cases on collateral review).

### III. CONCLUSION

The Court ORDERS the Recommended Decision of the Magistrate Judge AFFIRMED and DENIES Stephen Carmichael's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (CV-04-113-B-W, Docket # 1) and the Court DENIES Stephen Carmichael's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (CV-07-123-B-W, Docket # 1).[5]

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 21st day of September, 2007

---

[5] Finally, Mr. Carmichael's motion dated February 17, 2005, which precipitated the Order Staying Case, technically remains pending. *Pet.'s Mot. to Amend Petition for Writ of Habeas Corpus* (CV-04-113-B-W, Docket # 29). The gist of the motion was to make certain that the Court considered all the pending claims, including the claims then pending in state court. The Court responded to that motion by staying the proceedings. *Order Staying Case* (Docket # 32). With the conclusion of the state proceeding, Mr. Carmichael's motion to amend is now moot and the Court, therefore, DISMISSES the Petitioner's Motion to Amend Petition for Writ of Habeas Corpus.